Turley, J.,
delivered the opinion of the court.
This is a bill for the specific performance of the following written contract: “Received of Robert Harper, one thousand dollars in full, for one hundred and twenty seven and a half acres of land, off the west end of my tract, on which I now live, adjoining the said Harper and Jno. P. Wagner;— it is also understood, that said Harper comes to the Madison-ville road, and from thence with the direction of my cotton patch fence, to the mouth of the gut on the river.”
Now it is contended, that this is a contract to purchase* *315 land by metes and bounds, and that the complainant is entitled to no land, east of the Madisonville road; though he looseá, by this construction of his contract, .thirty or forty acres of the quantity bought and paid for by him. Is this the legal construction of the contract? We think not. This contract is executory, and must receive such a construction as will accord with the intention of the parties at the time it was made. The intention was to sell and buy 127¿ acres of land, to be laid off, on the western end of the tract. This quantity was paid for. The second intent was, to make the Madisonville road and a line running from thence, in the direction of the cotton patch fence to the river, the eastern boundary, it being thought to be a convenient one, and to contain, at least, a sufficient quantity of land, to comply with the contract, perhaps more.
Here then are two intents in a contract, contradictory to •each other, both of which cannot be enforced. If complainant receive the quantity of land purchased by him, the Mad-isonville road, and a line from thence to the river, cannot be made the eastern boundary. If the Madisonville road be made the eastern boundary, then the complainant loses thirty or forty acres of his land, and the consequent amount of his purchase money. Which interest must prevail? Both law and justice say the primary, it was not the intention of the complainant to buy, nor of defendant to sell, the land to be limited by a line from the Madisonville road to the river, unless that should equal 127J acres, the quantity paid for. But the intention was, that the complainant should make the Madisonville road his eastern boundary, although it might include more land than the 127§ acres contracted for. Then, as between Harper and Lindsay, the complainant is entitled to have the lines of his land extended east of the Madisonville road, so as to give to him 127 i acres, the quantity which he intended to purchase.
But it is further contended, for James M. Gray, who has become a party to this suit, by a cross bill, that after the .contract between Harper and Lindsey, he became the purchaser of the remainder of the tract of land from Lindsay, and *316 that Harper’s line cannot be extended east of the Madison; ville road, to his injury.
Note. The rule of interpretation, of which this case is an example, is thus expressed in a late work, Lieber’s Political and Legal Hermeneutics, §xiv 13. The general and superior object cannot be defeated by a less general and inferior direction; and, in general( the higher prevails over the lower, the principal over the specific direction. 18 American Jurist, 80.
The following remarks and authorities relate to the construction of deeds; where the metes and bounds are regarded as the superior object, and the quantity as the inferior and less general direction.
In a conveyance of land by deed, in which the land is certainly bounded, it is-very immaterial whether any, or what quantity, is expressed, for the description by boundaries is conclusive. And when the quantity is mentioned in addition to a description of the boundary, without any covenant, that the land contains that quantity, the whole must be considered as a mere description; for^the. quantity mentioned is an uncertain part of the description, and must yield to the location by certain boundaries, in case of a disagreement, whether the quantity mentioned is more or less than the quantity actually contained within the limits expressed. Per Parsons, C. J., in Powell vs. Clark, 5 Massachusetts R. 355. — And see upon this subject, Sugden on Vendors and Purchasers, c 6,, § 3, Am. Ed,, where numerous American cases are collected upon this litigated point of law. Hoffman vs. Johnson, 1 Bland’s Maryland Chy. R. 180; Pringle vs. Samuel, 1 Littell, 44; Brown vs. Parish, 2 Dana, 9; 8 Wheeler’s American. Common Law Cases, 286, 287.
Gray stands in no more favorable attitude, in relation to Harper’s right, than Lindsey. His purchase was made after Harper’s, his contract is executory, and therefore, as Harper’s contract was first in point of time, he is first in point of right. But, in truth, Gray only purchased the residue of the tract, after Harper’s was surveyed. This, of itself, in-: dependently of the principle above laid down, would give Harper the right, as against him, to have his land laid off, according to the legal construction of his contract, he being only entitled to the residue, after Harper’s claim had been satisfied.
We therefore think there is no error in the proceedings of the chancery court, and affirm the decree.